UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| ELCOM HOTEL & SPA, LLC and | Case No.  13-10029-BKC-RAM |
| ELCOM CONDOMINIUM, LLC, | Case No.  13-10031-BKC-RAM |
| Debtors. | (Jointly Administered) |
| _____/ | |

### DEBTORS' AGREED MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE TERMINATION OF THE PURCHASE AND SALE AGREEMENT WITH MARK PORDES AND RELEASE OF DEPOSIT

Elcom Hotel & Spa, LLC ("**Elcom Hotel**") and Elcom Condominium, LLC ("**Elcom Condo**") (collectively, the "**Debtors**"), by and through undersigned counsel, submit this Motion, pursuant to sections 105(a), 363, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "**Bankruptcy Code**"), seeking entry of an order authorizing the Debtors to terminate the purchase and sale agreement (the "**PSA**") with Mark Pordes ("**Pordes**") and authorize the escrow agent under the PSA, Moskowitz, Mandell, Salim & Simowitz, P.A. (the "**Escrow Agent**") to return Pordes his deposit posted under the PSA, together with any interest accrued thereon. In support of this Motion, the Debtors respectfully represent as follows:

### I. Jurisdiction and Venue

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

2. On January 2, 2013 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. By order of the Court, the Debtors' Chapter 11 cases are being jointly administered [ECF No. 11].

4. The Debtors are owners of a spa, restaurant, hotel units, and common areas (the "**Property**") located at what is known as One Bal Harbour, which is operated as a five-star resort.

5. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties-in-interest to the *First Day Declaration of Thomas D. Sullivan Declaration* (the "**Sullivan Declaration**") [ECF No. 6].

6. Prior to the Petition Date, the Debtors entered into the PSA dated March 27, 2012, with Pordes for the sale of the Property, which consists of substantially all of the Debtors' assets.

7. Pursuant to the PSA, Pordes was required to tender a $500,000.00 deposit (the "**Deposit**"). The Deposit, together with accrued interest theron, is currently being held by the Escrow Agent.

8. Numerous conditions precedent to closing existed under the PSA. The parties to the PSA acknowledge that the conditions precedent to closing will likely never occur within the time specified in the PSA, and that both parties have the right to terminate the same at any time.

9. Thus, the parties have agreed to jointly exercise their rights under the PSA and mutually terminate the PSA. The parties have evaluated their positions under the PSA and determined that mutual termination at this time is in the best interest of all parties involved.

10. The parties have agreed that no party shall be entitled to any damages under the PSA or any damages resulting from the mutual termination of the PSA. Additionally, upon termination, no provisions of the PSA shall have any force or effect.

11. However, as part of the PSA termination, the Debtors agree that the Escrow Agent shall release to Pordes the Deposit, plus any interest earned thereon.

### III. Relief Requested and Basis Therefor

12. By this Motion, the Debtors request authorization to terminate the PSA with Pordes and authority to authorize the Escrow Agent's release of the Deposit, plus any interest earned thereon, to Pordes.

13. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). A debtor's decision to use assets outside the ordinary course of business must be based upon the sound business judgment of the debtor. *See e.g.*, *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (*citing In re Schipper*, 933 F.3d 513, 515 (7th Cir. 1991)); *In re Chateaugay Corp.*, 973 F.3d 141, 143 (2d Cir. 1992) (holding that a court determining a section 363(b) application must find from the evidence presented before it a good business reason to grant such application).

14. The business judgment rule is satisfied where "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

15. Here, the "sound business justification" test is satisfied. The PSA is a burden on the estates because of the restrictions contained in it and the parties to the PSA have candidly acknowledged that the terms of the PSA required for a closing on the Property will likely not occur by the deadlines imposed by the PSA. Additionally, termination of the PSA will allow the Debtors to actively market the Property without having to adhere to the restrictions of the PSA. Most importantly, the Debtors and Pordes have agreed that no party to the PSA will be entitled to any damages under the PSA or resulting from the mutual termination of the PSA.

16. Given the benefits described above, the Debtors, as well as Pordes, believe that the PSA should be terminated and this decision is supported with sound business reasons and is in the best interests of the estates. As such, the PSA should be terminated, and the Escrow Agent authorized to release the Deposit, plus any interest earned thereon, to Pordes.

### IV. Conclusion

17. The Debtors submit that the relief requested in this Motion is appropriate in these Chapter 11 cases, is in the best interests of the Debtors' estates, and should be granted as requested herein.

**WHEREFORE**, the Debtors respectfully request the Court to enter an order (i) authorizing the Debtors to terminate the PSA; (ii) authorizing the Debtors to consent to the release of the Deposit and further authorizing the Escrow Agent to release the Deposit, plus any interest earned thereon, to Pordes; and (iii) granting the Debtors such other and further relief as is just and appropriate.

Dated:  February 25, 2013

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
*Counsel for the Debtors*
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Tel.:    (305) 372-1800
Fax:    (305) 372-3508
E-mail: cwt@kttlaw.com
             clc@kttlaw.com
             vfa@kttlaw.com

By: /s/ Vincent F. Alexander
        Charles W. Throckmorton
        Florida Bar No. 286192
        Corali Lopez-Castro
        Florida Bar No. 863830
        Vincent F. Alexander
        Florida Bar No. 68114

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 25, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day (i) via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties who are authorized to receive electronically Notices of Electronic Filing in this bankruptcy case and (ii) prepaid, first class U.S. mail upon all parties on the attached Master Service List.

By: /s/ Vincent F. Alexander
　　　Vincent F. Alexander