UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

ELCOM HOTEL & SPA, LLC                    CASE NO.:   13-10029-RAM

    DEBTOR,
_____/

IN RE:                                    CASE NO.:   13-10031-RAM

ELCOM CONDOMINIUM, LLC,                   (JOINTLY ADMINISTERED)

    DEBTOR
_____/

**ASSOCIATIONS' LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDER (I) AUTHORIZING POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 363 AND 364 AND (II) GRANTING SUPERPRIORITY CLAIMS TO LENDER PURSUANT TO 11 U.S.C. § 364 [D.E. #311]**

    10295 Collins Avenue, Hotel Condominium Association, Inc. and 10295 Collins Avenue, Residential Condominium Association, Inc., (the "Associations") respectfully submit this Limited Objection to the Debtors' Motion for Order (I) Authorizing Debtors to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 363 and 364 and (II) Granting Superpriority Claims to Lender Pursuant to 11 U.S. C. § 364 (the "Debtors' Motion") on the following grounds:

    1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A).

    2.    On January 2, 2013, Elcom Hotel & Spa, LLC and Elcom Condominium, LLC (collectively, "Elcom" or the "Debtors") commenced their reorganization cases by filing

voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Court is administering these cases jointly.

3. The Debtors are authorized to continue to operate their business and manage the property, known as One Bal Harbour, as Debtors in Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On May 23, 2013, the Court entered an Interim Order [D.E. #221] authorizing the Debtors to obtain financing from OBH Funding, LLC ("OBH") (the "Initial Order") to the extent of $1,200,000, a copy of which Initial Order is attached hereto, marked Exhibit A and made a part hereof. At the time, the Associations consented to the Initial Order based upon the terms and conditions that were contained in the Initial Order which were agreed to by the parties. A final order authorizing the DIP Loan was entered on June 5, 2013 [D.E. #230] which did not change the terms and conditions of the Initial Order.

5. To assist the Court, attached hereto and marked Exhibit B and to be made a part hereof is a black lined copy showing the changes that were made by all of the parties (Debtors, OBH, Associations) to the original proposed order (that was attached to the first DIP financing motion). As the parties are fully aware, the Initial Order was heavily negotiated over several weeks by the parties (Debtors, OBH, Associations). The mark-up reflects the issues of concern, not just of the Associations, but also for the Debtors and OBH. As the current motion seeks similar funding from the exact same funding source, the mark-up serves as a useful guide as it highlights important protections for the Associations and the Debtors other creditors.

6. OBH is owned and/or controlled by Thomas Sullivan, one of the principals of the Debtors.

7. In connection with the ownership of certain hotel condominium units, the Debtors have the obligation to satisfy certain Shared Facilities Expenses and other fees as described more fully in Article 11 of the Tower Declaration and Paragraph 12 of a Stipulation approved by this Court on January 15, 2013 [D.E. #69].

8. In the Initial Order there were agreed upon provisions providing protections to the Associations with respect to the DIP Loan, especially since the loan was being provided by an insider of the Debtors. Among the protections that exist in the Initial Order is an agreed-upon provision that none of the proceeds from the DIP Loan would be used to satisfy the Debtors' obligation to pay Shared Facilities' Expenses and other fees. Such Shared Facilities' Expenses and other fees are obligations of the ownership of the hotel condominium units as well as the obligations of the Debtors to contribute for the hotel lot restaurant and spa, and the failure to make such payments imposes a financial burden on the Associations and its members.

9. In the event that this Court authorizes the Debtors to obtain additional postpetition financing from OBH, the Debtors should not be permitted to modify the terms and conditions of the Initial Order so as to curtail or eliminate the protections afforded to the Associations. As with respect to the Initial Order, the payment of the Shared Facilities Expenses and other fees should be borne by Thomas Sullivan, the principal of the Debtors and OBH.

10. Prior to the filing of this Limited Objection, the Associations organized a telephonic settlement conference with counsel for the Debtors and counsel for OBH to discuss the Associations' concerns with the form and substance of the proposed order attached to the Debtors' Motion, but counsel for the Debtors and OBH refused to modify the proposed order to be consistent with the Initial Order.

11. The Associations have no objection to the Debtors obtaining the postpetition financing as outlined in the Debtors' Motion, but object to the modification or changes to the order authorizing the DIP Loan that do not mimic the terms and conditions of the Initial Order.

**WHEREFORE**, the 10295 Collins Avenue, Hotel Condominium Association, Inc. and 10295 Collins Avenue, Residential Condominium Association, Inc. respectfully request that any order authorizing the obtaining of postpetition financing from OBH contain the same terms and conditions as contained in the Initial Order including, but not limited to, a restriction precluding the use of any portion of the DIP Loan to fund any amount of the Debtors' obligation to pay Shared Facilities' Expenses and other fees.

Dated: October 1, 2013.

                PARDO GAINSBURG, P.L.
                200SE 1st Street, Suite 700
                Miami, FL 33131
                Telephone: (305) 358-2001
                Facsimile: (305) 358-2001

                By:   /s/ Stevan J. Pardo
                         Stevan J. Pardo
                         Florida Bar No. 438626
                         spardo@pardogainsburg.com

                         *Attorneys for 10295 Collins Avenue, Hotel Condominium Association, Inc*

                HINSHAW & CULBERTSON LLP
                One East Broward Boulevard
                Suite 1010
                Ft. Lauderdale, FL 33301
                Telephone: (954) 467-7900
                Facsimile (954) 467-1024

                By:   /s/ Charles M. Tatelbaum
                         Charles M. Tatelbaum
                         Florida Bar No. 177540

ctatelbaum@hinshawlaw.com
Gary D. Farmer
Florida Bar Bo. 68725
gfarmer@hinshawlaw.com

*Attorneys for 10295 Collins Avenue,*
*Residential Condominium Association, Inc.*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 1, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. The system will electronically send a notice to all CM/ECF participants as well as by Regular U.S. Mail.

By: /s/ Charles M. Tatelbaum
Charles M. Tatelbaum