UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO.: 13-10029-RAM |
| | **CHAPTER 11** |
| **Elcom Hotel & Spa and Elcom Condominium, LLC** | Jointly Administered |
| **Debtors.** | |
| _____/ | |

### UNITED STATES TRUSTEE'S OBJECTION TO DISCLOSURE STATEMENT

The United States Trustee for Region 21 (the "UST"), by and through his undersigned counsel, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), submits the following objections to the disclosure statement and proposed plan filed by the Debtors in the above-styled Chapter 11 proceeding.

Title 11 of the United States Bankruptcy Code § 1125(b) requires the Bankruptcy Court specifically to find the disclosure statement contains "adequate information" before a party in interest is allowed to solicit its Plan of Reorganization to creditors. Section 1125(a)(1) defines the term "adequate information" as meaning "information of a kind, and in sufficient detail . . . , that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . . " 11 U.S.C. § 1125(a)(1).

In the absence of amendments to deal with such matters as is noted below, the UST moves the Court to not approve the proposed Disclosure Statement "as containing adequate information," and convert the case to Chapter 7.

1

## I. THE PLAN AND DISCLOSURE STATEMENT MUST PROVIDE ADEQUATE INFORMATION

1. The Disclosure Statement should address the Motion For Substantive Consolidation recently filed by the Residential Association. The proposed sale may still proceed, but resolution of the Motion may be necessary before distribution to creditors. Given the deadlines imposed by the staking horse bidder, it may be necessary to proceed with the sale in a non-plan setting and forgo the benefits of 11 U.S.C. Section 1146 in order to facilitate the sale.

2. The Debtors fail to address the intercompany receivables owed by and between the two debtors as reflected in the respective schedules and the treatment of those claims in the proposed plan.

3. The Disclosure Statement should address the disposition of approx. $2.5 million cash balance in the Hotel case in the most recent operating report (ECF 342) once the case is confirmed and sale closed. How are the Debtors' accrued expenses for operations being paid? Is there a credit given as part for the sale for the outstanding hotel receipts (e.g. credit card receipts) and expenses? The Debtors should expand on Paragraph D (ii) on page 28 to address these issues.

4. Although the Association claims are disputed, the separate classification of claims between classes 3 and 4 of the Hotel case needs to be justified. Given the potential sale price of $13 million or higher and the current cash balance of approx. $2.5

2

million, the Debtors must also justify the proposed treatment of less than 100% to general unsecured claims in class 3.

5. The Plan and Disclosure Statement should clarify why the proposed treatment of the General Unsecured Creditors does not violate 1129 in that similarly situated claims are not receiving disparate treatment. The Disclosure Statement should be amended to provide a better explanation of why the claims are being treated differently footnote 6 on page 25 is insufficient to be deemed adequate.

6. The Debtors should provide more information on the make-up of the classes, such as the number of class members and whether the claims are disputed.

7. All claim objections should be filed well before the deadline to cast ballots so creditors can make informed decisions.

8. The Debtors should update the material on page 19 as the hearings being discussed have passed and new information should be provided.

9. Paragraph IV E on page 21 should provide more detail as to the amounts and identity of avoidance action targets so creditors can make informed decisions in the voting process.

10. On page 29, the Debtors should identify the Liquidating Trustee's and terms of compensation. In addition the Liquidating Trustee should be bonded in favor of the Trust to be paid by the respective estates[1].

---

[1] The Disclosure Statement the Liquidating Trustee should be required to have all professionals employed pursuant to Order of Court after Notice and hearing and all professional fees, including the Liquidating Trustee's compensation (which should also be disclosed in the Disclosure Statement – for example, is the proposed compensation hourly or calculated pursuant to a formula such as provided under Section 326 of the Code), should be subject to application and further Order of Court.

11. On page 30, Paragraph D (vi) the Debtors propose that fees and expenses should be paid to the Liquidating Trustee and professionals without further order of court. This provision is objectionable and should provide for all fees and expenses be subject to notice and hearing and further order of court.

12. The Disclosure Statement should provide that the UST has standing to be heard on all matters including the removal of the Liquidating Trustee, but shall not be charged with oversight responsibilities of the Liquidating Trustee sand Trust.

13. On page 30, Paragraph D (vii) the Debtors should insert language requiring the Debtors to file quarterly reports with the court and the Office of the United States Trustee in a format required by the UST.

14. The Debtors should provide that undeliverable distributions be deposited with the Clerk of the Court for the benefit of the recipient and not forfeited to the Liquidating Trust. Given that this is a liquidating case, there is no reason to prevent creditors from receiving their rightful distribution because of a change of address or some other change in circumstances. Further, regardless of whether the proposed treatment of the undeliverable distributions is approved, the proposed treatment should be changed to provide that the Liquidating Trustee <u>shall use</u> his or her best efforts to locate the recipient before the recipient's rights to the funds are either terminated or the funds are deposited with the Clerk of Court.

15. The language on page 37 of the Disclosure Statement and corresponding sections in the Plan regarding lease assumption / rejection claims should be clarified. Which contracts are being assumed? How are the rental agreements being addressed?

16. The language on page 38 of the Disclosure Statement and corresponding sections in the Plan regarding lease rejection claims should be bold and prominent in accordance with Local Rules 3003-1 and 6006-1.

17. The proposed provisions on pages 39-40 of the Disclosure Statement regarding exculpation and Releases is too brood and objectionable. The proponents must show that the proposed relief is appropriate and necessary for confirmation as well as fair and equitable. To the extent the Court approves the proposed relief there should be exceptions for any direct causes of action those parties may have as well as acts of bad faith, breach of fiduciary or ordinary negligence relating to professional malpractice.

18. Any language regarding exculpation for professionals, representatives, advisors, attorneys, financial advisors, or agents or others in the Plan should be stricken as inappropriate unless the professional received such protection under the terms of retention post-petition.

19. The UST reserves the right to raise additional objections and concerns at the hearing to consider approval of the adequacy of the Disclosure Statement and at Confirmation as well as raise further objections as the documents are amended.

WHEREFORE, the United States Trustee shows the disclosure statement does not contain adequate information as required by 11 U.S.C. §1125, which would permit a party in interest to reach an informed judgment concerning the plan and moves the Court to enter an order denying approval of the disclosure statement, <u>unless the necessary changes are made to correct the deficiencies set forth above</u>, and further moves this case to be converted to Chapter 7 or dismissed. *See generally In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr. N.D.Ga. 1984).

                Guy G. Gebhardt
Acting United States Trustee
Region 21
 /s/ *Steven D. Schneiderman*
Steven D. Schneiderman, Trial Attorney
Office of the United States Trustee
51 S.W. 1st Avenue, 12th Floor
Miami, Florida 33130
Phone:    (305) 536-7285
Fax:        (305) 536-7360

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the United States Trustee's Objections to Debtors' Disclosure Statement was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and/or via U.S. Mail, properly addressed and with correct postage to the following:

- Vincent F Alexander    vfa@kttlaw.com, lf@kttlaw.com
- Vincent F Alexander    vfa@kttlaw.com, lf@kttlaw.com
- Paul J. Battista    pbattista@gjb-law.com, gjbecf@gjb-law.com
- Francis L. Carter    flc@katzbarron.com, lcf@katzbarron.com
- Ileana Espinosa Christianson    ileana.christianson@gray-robinson.com, jceide@gray-robinson.com;lnegron@gray-robinson.com;ileana.christianson@gray-robinson.com
- Ileana Espinosa Christianson    ileana.christianson@gray-robinson.com, jceide@gray-robinson.com;lnegron@gray-robinson.com;ileana.christianson@gray-robinson.com
- Joseph A. DeMaria    jad@tewlaw.com, ecs@tewlaw.com;mm@tewlaw.com;dturken@tewlaw.com
- Brian S Dervishi    bdervishi@wdpalaw.com, service@wdpalaw.com
- Michael J. Eisler    meisler@strauseisler.com
- John H Genovese    jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com
- Zachary N James    zjames@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Christopher A Jarvinen    cjarvinen@bergersingerman.com, efile@bergersingerman.com
- Harris J. Koroglu    hkoroglu@shutts.com, jgoodwin@shutts.com
- Corali Lopez-Castro    clc@kttlaw.com, rcp@kttlaw.com
- Corali Lopez-Castro    clc@kttlaw.com, rcp@kttlaw.com
- Richard H Malchon    richard.malchon@arlaw.com, katie.takas@arlaw.com
- Aleida Martinez Molina    amartinez@wsh-law.com, jfuentes@wsh-law.com
- Matthew Mazur    mmazurjr@mazur-law.com, mazurpaecf@gmail.com
- Nicole R Messamore    nmessamore@sblawfirmfl.com, general@sblawfirmfl.com
- Barry E Mukamal    bankruptcy@marcumllp.com, FL64@ecfcbis.com
- Timothy J Norris    tjnorris@duanemorris.com
- Jeffrey J Pardo    jpardo@pardogainsburg.com
- Jeffrey J Pardo    jpardo@pardogainsburg.com

- Raquel A Rodriguez    rrodriguez@mcdonaldhopkins.com, ccorzo@mcdonaldhopkins.com
- Peter D. Russin    prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- William G Salim Jr    wsalim@mmsslaw.com, cleibovitz@mmsslaw.com
- Paul Steven Singerman    singerman@bergersingerman.com, mdiaz@bergersingerman.com;efile@bergersingerman.com
- Peter A Tappert    ptappert@wdpalaw.com, service@wdpalaw.com;ctsanchez@wdpalaw.com
- Charles M Tatelbaum    ctatelbaum@hinshawlaw.com, csmith@hinshawlaw.com;carrese@hinshawlaw.com;gfarmer@hinshawlaw.com;lportuondo@hinshawlaw.com;esegarra@hinshawlaw.com;clucas@hinshawlaw.com
- Charles M Tatelbaum    ctatelbaum@hinshawlaw.com, csmith@hinshawlaw.com;carrese@hinshawlaw.com;gfarmer@hinshawlaw.com;lportuondo@hinshawlaw.com;esegarra@hinshawlaw.com;clucas@hinshawlaw.com
- Charles W Throckmorton    cwt@kttlaw.com, lf@kttlaw.com;ycc@kttlaw.com
- David S Turken    dturken@tewlaw.com
- Albert J Vitto    vitto@slpalaw.com
- Jason Weaver    jasonweaveresq@gmail.com, akaplan@hagenlawfirm.com
- Doron Weiss    dweiss@barthet.com

BB&T
Bankruptcy
PO Box 1847
Wilson, NC 27894

Gary D. Farmer, Jr.
Hinshaw & Culbertson LLP
One East Broward Blvd
Suite #1010
Fort Lauderdale, FL 33301

Harvey W Gurland
200 S Biscayne Blvd #3400
Miami, FL 33131

Brad Hayden
c/o Benchmark Management Company
4 Waterway Square #300
The Woodlands, TX 77380

Miami-Dade County Tax Collector
Attn: A.R. Gonzalez
140 West Flagler St.,Suite 1403
Miami, Fl 33130-1519

Barry Mukamal
One SE Third Ave 10 Fl
Miami, FL 33131

Honorable Judge John K. Olson
U.S. Bankruptcy Court
299 East Broward Blvd.
Fort Lauderdale, FL 33301

Stevan J Pardo
2 S Biscayne Blvd #2475
Miami, FL 33131

Troy Taylor
c/o Algon Group
10 Glen Lake Parkway #130
Atlanta, GA 30328


**DONE** this the 31st of October, 2013.

I HEREBY CERTIFY that I am admitted to the Bar of the State of Illinois and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 and 2090(B)(2)(b), pertaining to  attorneys representing the United States government.

 /s/ *Steven D. Schneiderman*
Steven D. Schneiderman, Trial Attorney
Office of the United States Trustee
51 S.W. 1st Avenue, 12th Floor
Miami, Florida 33130
Phone:     (305) 536-7285
Fax:         (305) 536-7360