UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13-10029-RAM |
| ELCOM HOTEL & SPA, LLC, and ELCOM ) | Case No. 13-10031-RAM |
| CONDOMINIUM, LLC, ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Chapter 11 Case |
| ) | |

**MOTION FOR RECONSIDERATION OF ORDER APPROVING MOTION (A) APPROVING COMPETITIVE BIDDING AND SALE PROCEDURES; (B) APPROVING FORM AND MANNER OF NOTICES; (C) APPROVING FORM OF PURCHASE AND SALE AGREEMENT; (D) SCHEDULING DATES TO CONDUCT AUCTION AND HEARING TO CONSIDER FINAL APPROVAL OF SALE, INCLUDING TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (E) AUTHORIZING SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO 11 U.S.C. 363, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; AND (F) GRANTING RELATED RELIEF**

10295 Collins Ave. Residential Condominium Association, Inc. (the "Residential Association"), by its undersigned attorneys, pursuant to Bankruptcy Rule 9024 files this Motion for Reconsideration of Order Approving Motion (A) Approving Competitive Bidding And Sale Procedures; (B) Approving Form And Manner Of Notices; (C) Approving Form Of Purchase And Sale Agreement; (D) Scheduling Dates To Conduct Auction And Hearing To Consider Final Approval Of Sale, Including Treatment Of Executory Contracts And Unexpired Leases; (E) Authorizing Sale Of Substantially All Of Debtors' Assets Pursuant To 11 U.S.C. 363, Free And Clear Of All Liens, Claims, Encumbrances And Interests; And (F) Granting Related Relief based on the Order entered on November 7, 2013 [ECF No. 418] (the "Sale Order") on the following grounds:

1. In connection with the Sale Order, the Debtors accepted a Purchase Agreement from Stoneleigh Capital, LLC ("Stoneleigh") for the purchase of substantially all of the assets of the

Debtors. In the Sale Order, the Court has set a deadline for competing bids, and has set an auction date in the event that that there are competing bids.

2. Prior to the entry of the Sale Order, the Residential Association had advised all parties in interest that it intends to bid on the assets of the Debtors being sold. Additionally, the Residential Association is one of the largest unsecured creditors of the within estate.

3. On examination of the Purchase Agreement And Sale Agreement (the "Purchase Agreement") that was incorporated into the Sale Order as submitted by Stoneleigh that is the stalking horse bid, the Residential Association has determined that the provisions in the Purchase Agreement relating to the assumption and assignment of the Rental Management Agreements ("RMA") with the hotel condominium owners that require that the terms of the RMAs be modified as a condition of the assumption and assignment of the RMAs, (which is also a condition precedent to the closing of a sale to Stoneleigh) is contrary to bankruptcy law and is an illegal and illusory provision.[1]

4. Footnote number 1 to the Sale Order specifically preserves the objections to the sale put forth by the Hotel Association with respect to the attempt to force the counterparties to the RMAs to accept the modification of the RMAs as part of the assumption and assignment of the RMAs as executory contracts. Since this Court has yet to determine the propriety of the provisions in the Purchase Agreement that have been objected to by the Hotel Association, and which provisions counsel for the Residential Association also believes to be improper and contrary to bankruptcy law, it places the Residential Association and all other prospective

---

[1] The Residential Association adopts and incorporates all of the arguments presented by 10295 Collins Avenue Hotel Condominium Association, Inc. (the "Hotel Association") in its objection to the Sale Motion [ECF No. 400] with respect to the inability of Stoneleigh to condition the assumption of the RMAs on their modification.

purchasers in a position of uncertainty requiring them to act at their peril in submitting a bid on the same terms and conditions as set forth in the Stoneleigh Purchase Agreement.

5.   In order for the Residential Association or any other prospective purchaser to be able to submit a bid for the Debtors' assets on the same terms and conditions as the Stoneleigh stalking horse bid, the Residential Association will be required to include a provision in its purchase agreement that its counsel believes to be improper, illegal and contrary to bankruptcy law.

6.   The improper condition precedent in the Stoneleigh Purchase Agreement puts the Residential Association and any other prospective purchaser at a competitive disadvantage in that to eliminate the condition precedent from a competitive purchase agreement would be to require the Residential Association to bid on less advantageous terms at a higher price.

7.   The sale procedures contained in section 363 of the Bankruptcy Code and related rules require a level playing field for all prospective purchasers in order for a court to make a determination as to what is the highest and best price to be achieved from the sale of the Debtors' assets. It is for that reason, competitive bids are matched against the stalking horse bids. Here, by including a provision in the Purchase Agreement that the Residential Association believes to be improper and unenforceable, Stoneleigh has corrupted the procedure so that the Residential Association and other prospective bidders need to make an opening bid of at least $13 million, but will be competing against a stalking horse offer that contains terms that cannot be sustained as a matter of law.

8.   The sale process approved by the Court as part of the Sale Order was based on a false premise – i.e., the stalking horse bid of Stoneleigh was one that was legally sufficient. Here, if Stoneleigh is the successful purchaser, it will never be able to close on the purchase as

18877451 0922340

the improper condition precedent to closing can never be met. This then frustrates the entire sale process.

9. Bankruptcy Rule 9024 which incorporates by reference Rule 60 of the Federal Rules of Civil Procedure provides, among other things, that the Court may relieve a party from a final order for any reason that justifies relief. It was not until the Residential Association began to prepare its competitive bid after the entry of the Sale Order that the Residential Association's counsel focused upon what is believed to be the improper terms and conditions of the Purchase Agreement submitted by Stoneleigh and incorporated into the Sale Order. Although the issue was raised by the Hotel Association prior to the entry of the Sale Order, since this was not an issue of significance or importance to the Residential Association prior to its commencement of the preparation of a competing offer, it was not timely or appropriate for the Residential Association to object prior to the entry of the Sale Order.

10. To permit the Sale Order to continue to be effective without reconsideration or modification places the entire sale process in potential jeopardy as the stalking horse bid contains a provision which may not be enforceable as a matter of law which would then lead to, among other things, the inability to close on a sale if Stoneleigh were the successful purchaser. This then places the next highest bidder as the backup bidder in a position of jeopardy as all other prospective purchasers will be forced to submit competing bids as against a stalking horse bid which contains improper provisions.

11. As a result of the above, in the interest of justice, and for the benefit of all creditors, it is necessary for this Court to reconsider the Sale Order and clarify the provisions relating to the assumption an assignment of the RMAs as part of the sale of the Debtors' assets.

WHEREFORE, 10295 Collins Avenue Residential Condominium Association, Inc. prays this Court to reconsider the Sale Order as aforesaid.

HINSHAW & CULBERTSON LLP

s/ Charles M. Tatelbaum
Charles M. Tatelbaum
Florida Bar No. 177540
ctatelbaum@hinshawlaw.com
Hinshaw & Culbertson LLP
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Primary: ctatelbaum@hinshawlaw.com
Secondary: csmith@hinshawlaw.com
Office: ftllitigation@hinshawlaw.com
Attorneys for Creditor, 10295 RESIDENTIAL CONDOMINIUM ASSOCIATION, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 19, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. The system will electronically send a notice to the following CM/ECF participants:

s/ Charles M. Tatelbaum