UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 13-10029-RAM |
| ELCOM HOTEL & SPA, LLC, and ELCOM | ) Case No. 13-10031-RAM |
| CONDOMINIUM, LLC, | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Chapter 11 Case |
| | ) |

## 10295 COLLINS AVENUE RESIDENTIAL CONDOMINIUM ASSOCIATION, INC'S CURE AMOUNT OBJECTION

10295 Collins Avenue Residential Condominium Association, Inc. (the "Residential Association"), by its undersigned attorneys, in compliance with paragraph 15 of the Order Approving Motion (A) Approving Competitive Bidding And Sale Procedures; (B) Approving Form And Manner Of Notices; (C) Approving Form Of Purchase And Sale Agreement; (D) Scheduling Dates To Conduct Auction And Hearing To Consider Final Approval Of Sale, Including Treatment Of Executory Contracts And Unexpired Leases; (E) Authorizing Sale Of Substantially All Of Debtors' Assets Pursuant To 11 U.S.C. 363, Free And Clear Of All Liens, Claims, Encumbrances And Interests; And (F) Granting Related Relief [ECF No. 443] (the "Sale Order") files this Cure Amount Objection on the following grounds:

1. On November 7, 2013, this Court entered the Sale Order which contains the terms and conditions upon which the Debtors' assets are to be sold, and incorporates therein the Auction Procedures adopted by the Court as suggested by the Debtors.

2. The Residential Association is one of the largest unsecured creditors of the Debtors' estates. Additionally, as a party to the Tower Declaration which controls the ownership

18878251 0947360

and conduct of the business of the Debtors, the Residential Association is a significant and integral party in interest with respect to all aspects of the sale of the Debtors' assets.

3. The Tower Declaration, as previously described in numerous pleadings filed with this Court, is an executory contract that governs the roles and responsibilities and mutual obligations of (a) the Hotel debtor, (b) 10295 Collins Ave. Hotel Condominium Association, Inc. (the "Hotel Association") and its hotel condominium owners and (c) the Residential Association and its Residential condominium owners.

4. The Tower Declaration has been recorded in the Official Records of Miami-Dade County, and is, among other things, a covenant running with the land. As such, the Debtors are required to assume the Tower Declaration as an executory contract and assign the assumed Tower Declaration to any purchaser of the Hotel Debtor's assets.[1]

5. The fact that the Tower Declaration enjoys the protections of a covenant running with the land does not extinguish or diminish the fact that it is an executory contract that must be assumed as part of the Chapter 11 process.

6. On Exhibit A to the Executory Contract Notice, the Debtors have not provided for the assumption and assignment of the Tower Declaration as part of the sale process. Without the assumption and assignment of the Tower Declaration as part of the sale process, the Debtors, as a matter of law, are precluded from effecting a sale of the Hotel Debtor's assets.

7. By not listing the Tower Declaration as an executory contract on Exhibit A to the Executory Contract Notice, the Debtors have also failed to identify the cure amount needed in order to cure the pre-petition monetary defaults of the Debtors with respect to their obligations under the Tower Declaration. The Residential Association submits that the pre-petition monetary

---

[1] Counsel for the Debtors have been previously advised of the Residential Association's position that the Tower Declaration is an executory contract that must be assumed and assigned.

2

defaults of the Debtors with respect to its obligations to the Residential Association and/or the Hotel Association amounts to millions of dollars, all of which must be cured as part of the assumption and assignment of the Tower Declaration as an executory contract, which assumption is mandated by its status as a covenant running with the land.

8. Although the Sale Order provides a mechanism for those creditors listed on Exhibit A to the Executory Contract Notice to object to the Debtors' proposed cure amounts, the Sale Order does not provide for a mechanism for those counterparties to executory contracts whose executory contracts are not being assumed, but by law must be assumed, to raise an objection as to the absence of a cure amount.

9. In order to preserve all of the Residential Association's rights, the Residential Association objects to the absence of a cure amount has set forth in Exhibit A to the Executory Contract Notice. The Residential Association asserts that the Debtors are required to assume the Tower Declaration as an executory contract, and provide for curing of all pre-petition monetary defaults as part of the sale process.

WHEREFORE, 10295 Collins Avenue Residential Condominium Association, Inc. prays this Court to sustain its Objection to the Debtors' Cure Amount and grant such other and further relief as is appropriate.

HINSHAW & CULBERTSON LLP

s/ Charles M. Tatelbaum

18878251 0947360

Charles M. Tatelbaum<br>
Florida Bar No. 177540<br>
ctatelbaum@hinshawlaw.com<br>
Hinshaw & Culbertson LLP<br>
One East Broward Boulevard<br>
Suite 1010<br>
Ft. Lauderdale, FL 33301<br>
Telephone: 954-467-7900<br>
Facsimile: 954-467-1024<br>
Primary: ctatelbaum@hinshawlaw.com<br>
Secondary: csmith@hinshawlaw.com<br>
Office: ftllitigation@hinshawlaw.com<br>
Attorneys for Creditor, 10295 RESIDENTIAL<br>
CONDOMINIUM ASSOCIATION, INC.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 25, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. The system will electronically send a notice to all of the CM/ECF participants. Additionally, pursuant to paragraph 15 of the Sale Order, a cure objection was sent by separate email to (a) the debtors in care of Troy Taylor at troy@algongroup.com, (b) counsel for the debtors to the attention of Corali Lopez-Castro, Esq. at clc@kttlaw.com, (c) counsel for the proposed purchaser to the attention of Sean Cork, Esq. at sean.cork@squiresanders.com and Thomas V. Eagan, Esq. at thomas.eagan@squiresanders.com and (c) the office of the United States trustee to the attention of Steven.D. Schneiderman, Esq. at steven.d.schneiderman@usdoj.gov.

s/ Charles M. Tatelbaum

4

18878251 0947360